## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL JAMES LONGS BEY,

    Plaintiff,

v.                                          Case No: 8:25-cv-2879-KKM-TGW

SUNCOAST CREDIT UNION,
STACEY BANDY,
JOHN 1-5 DOES,

    Defendants.
_____

## ORDER

    After Defendants Suncoast Credit Union and Stacey Bandy removed this action from the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida, Notice of Removal (Doc. 1), Plaintiff Michael James Longs Bey moved to amend his complaint and remand the action. Mot. to Amend (Doc. 12); Mot. to Remand (Doc. 11). Suncoast consents to remand and Bandy did not respond to Bey's motions. Notice of Consent (Doc. 13). Because Bey's action no longer presents a federal question of law, I grant Bey's motion and remand this action.

    Bey sued Suncoast, Bandy, and "John Does 1–5" in Florida state court alleging violations of thirteen state-law causes of action. Compl. (Doc. 1-4). On October 12, 2025, Bey amended his complaint to add federal law claims under

42 U.S.C. § 1981 and 42 U.S.C. § 1985. Notice of Removal at 2; Mot. to Remand at 2. On October 23, 2025, Suncoast and Bandy timely removed to this Court. Notice of Removal. On November 4, 2025, Bey moved to remand the action to state court, Mot. to Remand and moved to amend his complaint by withdrawing his federal law claims, Mot. to Amend. Though Bey styled the latter motion as a "Motion to Withdraw," I construe it as a motion to amend under Rule 15 and grant the motion. Suncoast consents to remand "to the extent Plaintiff proceeds to amend the complaint to eliminate reference to federal law." Notice of Consent at 2.

A defendant may remove state court actions to federal court if they "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). United States district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" or if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

If a plaintiff amends his complaint, the court must "look to the amended complaint to determine jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43 (2025). "If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.* at 49.

Here, Bey moved to amend his complaint and remove all federal claims. Mot. to Amend. As a result, this Court no longer has subject matter jurisdiction over the action. Still, jurisdictional restraint does not sanction gamesmanship. Bey may not add back the federal claims once in state court to avoid federal court jurisdiction. Accordingly, the following is **ORDERED:**

1. Plaintiff's motion to remand (Doc. 11) is **GRANTED.**

2. Plaintiff's motion to amend (Doc. 12) is **GRANTED.**

3. Plaintiff's motion to file electronically (Doc. 10) is **DENIED** as moot.

4. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

5. The Clerk is further directed to **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 1, 2025.

Kathryn Kimball Mizelle
United States District Judge

3